# C. R. Brewster and L. W. Spratt *vs.* John J. Frazier.

## *Separable Contracts—Right of Action on a Promissory Note—Diligence.*

K, F and H, on the 3d of February, 1866, entered into an agreement for planting certain land on their joint account. K was to furnish the land and medical attendance; H was to superintend the working of the plantation, and F·was·to furnish a certain sum of money during the first month, and as much more thereafter as he could procure, sufficient for carrying on the business. F advanced the stipulated sum, and H gave him a bond and mortgage as security for the same, and for such other sums as he might advance. On the 3d of December, 1866, F placed the bond, mortgage and contract in the hands of attorneys for collection, they to retain thereout, when collected, the sum of $300, advanced by them to F on the security of said bond and mortgage, the balance to be remitted to F. At the same time F gave them his promissory note for the sum so advanced, payable on the 25th of the same month, and executed a power of attorney, authorizing them to collect the several amounts due on the bond, mortgage and contract, The attorneys, not being able to realize anything on account of these claims, brought suit against F on the promissery note. HELD:

1st, That the promissory note, in itself, constituted a distinct and independent cause of action, and the possession of the bond, mortgage and contract, as collateral security therefor, in no way impaired the right of the plaintiffs to enforce its payment.

2d. That the right of the plaintiffs to recover did not depend upon the diligence exercised by·them, as attorneys, in the collection of the several sums claimed to be due on the bond, mortgage and contract. If they failed to discharge their duty, and the defendant sustained damage therefrom, his remedy would be by an action at law.

APPEAL from Baltimore City Court.

The facts of this case are sufficiently presented in the opinion of the Court.

*Exception:* The plaintiffs prayed the Court to instruct the jury as follows:

1st. That if the jury believe that the defendant, on the 3d of December, 1866, executed and delivered his promissory

note to the plaintiffs, payable on the 25th of December, 1866, and at the same time delivered to the plaintiffs, as his attorneys, a certain bond and mortgage of J. Guerard Heyward, which they agreed to collect, and out of the proceeds, first, to reimburse themselves, for money advanced the defendant; and that from the nature of the case, the plaintiffs could not collect the amounts due on the said bond and mortgage before the maturity of the note, that then the plaintiffs are entitled to recover the amount of the note, with interest at seven per cent. per annum from maturity thereof.

2d. That if the jury believe from the evidence that the defendant executed and delivered to the plaintiffs the promissory note in suit, and at the same time, delivered to them, as his attorneys, a certain bond and mortgage of J. Guerard Heyward, for collection, as securities, for money advanced on the said note, and that the plaintiffs have not realized on the said bond and mortgage; that then the plaintiffs are entitled to recover (without first exhausting the securities) the amount of the note, and interest thereon from its maturity, at seven per cent. per annum.

The Court, (Scott, J.,) rejected these prayers, and instructed the jury "that there was an entire contract between the defendant and the plaintiffs, and as it did not appear that the latter had made an effort to realize on the bond and mortgage, there was no evidence on which they could recover."

To the refusal of their prayers, and the instruction given by the Court, the plaintiffs excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before Bartol, C. J., Stewart, Brent, Grason, Miller and Robinson, J.

*J. D. Ferguson* and *John A. Inglis,* for the appellants.

The promissory note, the cause of action in this case, is a distinct and independent contract, complete within itself,

pledging *the personal responsibility* of the defendant for the payment of the money named therein; and is not merely one part of an entire contract, of which the power of attorney and receipt of the same date constitute the residue, and the instruction given by the Court was erroneous in *this* respect. *Chitty on Contracts*, 94; *Mann vs. Witbeck*, 17 *Barb.*, 388; 2 *Parsons on Contracts*, 503.

The bond and mortgage, and contract mentioned in the receipt, were lodged by the defendant with the plaintiffs, as his attorneys, for collection, and the authority conferred in the power of attorney, and reserved in the receipt, to apply the first moneys realized from such collection in payment of the sum then lent and advanced by the plaintiffs, only gave them a lien on this specific property of the defendant in their hands, as an independent security, additional and collateral to the pledge of personal responsibility made by the promissory note, and did not impair or affect the right of the plaintiffs to pursue and enforce that personal responsibility, so long as it did not appear in evidence that they had, in fact, been paid from the specific security, and the plaintiffs' *first* prayer should, therefore, have been granted. *So. Sea Co. vs. Duncomb*, 2 *Strange*, 919; *Lawton vs. Newland*, 2 *Starkie*, 72; *Emes vs. Widdowson*, 4 *C. & P.*, 151; *Elder vs. Rouse*, 15 *Wendell*, 218; *Granite Bank vs. Richardson*, 7 *Metc.*, 407; *Bank of England vs. Glover*, 2 *L. Raymond*, 753; *Lingan vs. Henderson*, 1 *Bland*, 282; *Andrews vs. Scotton*, 2 *Bland*, 665; *Wilhelm vs. Lee*, 2 *Md. Ch. Dec.*, 322; *Brown vs. Stewart*, 1 *Md. Ch. Dec.* 92.

The deposit of the bond and mortgage and contract, with power of collection and application, even if made for the particular purpose of giving the plaintiffs the specific security of this property for the re-payment of the money advanced, only constitute a lien, as an independent security additional and collateral to the personal responsibility pledged in the promissory note, and did not limit, impair or affect the right of the plaintiffs to pursue and enforce that responsibility, so

long as payment had not, in fact, been obtained from the specific security, and the plaintiffs' *second* prayer should have been granted. 3 *Parsons on Contracts*, 372; *Chitty on Contracts*, 658; *Story on Bailments*, sec. 315.

If the promissory note sued on, the power of attorney and the receipt, constituted together one entire contract, and the sum advanced by the plaintiffs was an anticipated payment of the proceeds of collections to be made, the circumstances as appearing in evidence relieved the plaintiffs of any obligation to make "an effort to realize on the bond and mortgage" by legal proceedings, before resorting to the defendant's personal responsibility, inasmuch as they evince that any such legal proceedings would have been unavailing, and there was evidence to go to the jury of the diligence of the plaintiffs, otherwise than by legal proceedings, and the instruction of the Court in *this* respect was erroneous. *Beckwith vs. Sibley*, 11 *Pick.*, 482; *Upham vs. Lefavour*, 11 *Metc.*, 174; *Frothingham vs. Everton*, 12 *N. H.*, 239.

*John S. Tyson*, for the appellee.

There was an entire contract between the defendant and the plaintiffs; and the Court below, if in error at all in its instructions to the jury, erred in basing those instructions on the absence of proof of an *effort* on the part of the plaintiffs to realize on the bond and mortgage. For, the payment of the $300.00 was not dependent on an *effort* to collect the mortgage claim, but on *success* in collecting it, at least to the amount of $300.00. In other words, if there was an entire contract, and the mode of payment prescribed in the contract has failed, then there is no other method of obtaining payment. For, the defendant had a right to require, as he did require of the plaintiffs, an advance of $300.00, as a security to him for the faithful discharge of the duties assumed by them, presuming that, as they could not be repaid until they had collected at least $300.00 of his claim, they would use due diligence in collecting it.

There are several objections to the plaintiffs' prayers. Both prayers ask for interest at seven per cent., when no evidence was offered of any law of South Carolina fixing legal interest at that rate. *Code of Public General Laws, Art.* 37, *sec.* 47.

The first prayer omits the statement "that the plaintiffs have not realized," which is considered necessary in the second prayer, and is a material fact. It does not state a conclusion of law, but only an argument on the facts, and on this ground (being argumentative) it was rightly rejected. Also, it leaves to the jury to find the effect of the written agreement, which is for the Court to decide.

" The second prayer omits the statement " that the plaintiffs agreed to collect, and out of the proceeds to reimburse themselves," which is considered necessary in the first prayer, and is a material fact, and it leaves to the jury to decide " that the plaintiffs have not realized," of which there is no evidence whatever.

ROBINSON, J., delivered the opinion of the Court.

On the 3d of February, 1866, the appellee entered into an agreement with J. Guerard Heyward and Dr. J. W. Kirk, of South Carolina, to plant on their joint account, "*Rose Hill Plantation*," for the season of 1866. Dr. Kirk was to furnish the land and medical attendance. Heyward to superintend the planting interest, and the appellee to furnish fifteen hundred dollars during the first month and as much more afterwards to carry on the business as he could procure. To secure the appellee against loss by such advances, Heyward agreed to give him a bond and mortgage on real estate situate in said State. The appellee advanced fifteen hundred dollars, and Heyward executed his bond and mortgage in pursuance of the agreement.

On the 3d of December, of the same year, the appellee placed the bond, mortgage and contract in the hands of the appellants, plaintiffs below, for collection, and took from them the following 'receipt:

"CHARLESTON, 3d Dec., 1866.

"Rec'd from John J. Frazier, Esq., for collection, a bond and mortgage of J. Guerard Heyward to him, dated 12th of Feb'y, 1866, for sixteen hundred dollars, and also a claim arising under a contract between him and J. G. Heyward and Dr. J. W. Kirk, dated Feb'y 3, 1866, and out of the collections we are to retain the sum of three hundred dollars, which we have advanced to him on the security of said bond and mortgage, left with us, and to remit the balance to said J. J. Frazier.

"BREWSTER & SPRATT."

At the same time the appellee executed the following promissory note :

"$300.                    CHARLESTON, 3d Dec., 1866.

"On the twenty-fifth day of December, 1866, I promise to pay to the order of Messrs. Brewster & Spratt, three hundred dollars, for value received.

"JNO. J. FRAZIER."

He also executed a power of attorney authorizing them to collect the several amounts, due on the bond, mortgage and planting contract, and out of the proceeds thus collected, first to pay the note of $300, and the balance to be remitted to the appellee.   Not being able to realize anything on account of these claims, suit was brought by the appellants on the promissory note of $300.

It is insisted by the appellee, that the receipt, power of attorney and note, constitute *an entire contract*, by which the appellants agreed to look *exclusively* to the collections to be made on the bond, mortgage and planting contract, for the payment of the three hundred dollars thus advanced, and that they have no right therefore to maintain this action, upon the promissory note.

The question, whether a contract is *entire* or *separable*, is sometimes one of difficulty, and no precise rule can be laid down to embrace every case. "Like most other questions of construction, it depends upon the intention of the parties, and this must be discovered in each case by considering the language employed and the subject-matter of the contract." 2 *Parsons on Contracts*, 677.

Apart from all other evidence, it will be admitted in this case, that the promissory note pledged the personal responsibility of the appellee, and, in itself, constituted a distinct and independent cause of action. If so, can the receipt and power of attorney be construed as a waiver, by the appellants, of this personal responsibility, and an agreement to look only to the collections for the payment of the money advanced? We think not. The result of the planting enterprise had not been ascertained at the date of these transactions, and, as was justly remarked by counsel for the appellants, all parties doubtless expected to realize, from the appellee's interest in the crop, a sum sufficient to re-pay the money advanced. But it must be borne in mind, that the note was payable *twenty-two days* after date, and it could hardly be expected that, within the time thus specified, they could enforce the payment of the bond by judgment and execution on the mortgage by a decree and sale. Nor is there anything in the correspondence between the parties, subsequent to the date of these transactions, from which it can even be inferred that the understanding was, that the appellants were to look exclusively to the collections. In their letter of January 11th, 1868, they explicitly demand the payment of this note, and it is nowhere claimed by the appellee in his reply, that the money was advanced on any such agreement. We think, therefore, it is clear, not only from the face of the papers, but from the other testimony in the cause, that the lien on the collections arising from the bond, mortgage and contract, was given, and received by the appellants as collateral security for the money advanced. If so, in the absence of an agreement to the contrary, the pos-

session of the additional or collateral security could not impair or affect the appellant's right to pursue and enforce the payment of the promissory note so long as it did not appear in evidence that they had been paid from the specific lien, and if paid, the burthen of proof was upon the appellee.

The plaintiffs' right to recover in no manner depended upon the question of diligence exercised by them as attorneys in the collection of the several sums claimed to be due on the bond, mortgage and contract. If they failed to discharge their duty, and the appellee sustained any damage therefrom, his remedy would be by an action at law.

The prayers, however, of the appellants were properly refused, because they submitted to the jury the legal effect and operation of the note, receipt and power of attorney. This was a question of law, to be determined by the Court. They should have left to the finding of the jury the execution of these papers,—the legal liability of the appellee necessarily resulted therefrom. Moreover, there was no proof offered in regard to the rate of interest in South Carolina.

It must follow, from what we have said, that the Court *erred* in instructing the jury that the note, receipt and power of attorney, constituted an *entire contract*, and that the plaintiff was not entitled to recover, because it did not appear from the evidence that any effort was made to realize the money thereon. The judgment must be reversed and a new trial awarded.

*Judgment reversed and*
*new trial awarded.*

(Decided 9th March, 1870.)