NICHOLAS BRENGLE *vs.* JACOB W. BUSHEY.

*Surety— When the taking of a Mortgage to secure the payment of a Promissory note, does not Suspend the remedy on the Note.*

The principal in a joint and several promissory note, after the same matured, executed and delivered to the payee therein, a mortgage of real estate to secure the payment of a certain sum of money, the amount of the note being included and referred to as secured by note; the mortgage contained a covenant on the part of the mortgagor to pay the money on a day therein named, but no provision that the right of action on the note should be suspended. HELD:

That the acceptance of the mortgage, which was merely additional or collateral security, did not extinguish or suspend the remedy on the note, and the liability of the surety thereon was not discharged.

Appeal from the Circuit Court for Frederick County, in Equity.

The bill in this case filed by the appellant, charged that on the 20th of November, 1869, a certain Frederick Zumpstein, of Frederick county, in consideration of money loaned him by the appellee, executed with the complainant, their joint and several promissory note, for a thousand

dollars, payable sixty days after date, to the appellee or order, with interest from date, the complainant signing said note merely as surety for Zumpstein, and the appellee knowing him to be such; that after the maturity of said note, the same not being paid, the appellee instituted suit to recover judgment thereon, against Zumpstein and the complainant, and the suit was then pending. The bill further charged that after the note became due, and before the institution of the suit, the appellee on the 2nd of December, 1870, without the knowledge and consent of the complainant, procured and accepted from said Zumpstein, his wife uniting with same, a deed of mortgage duly executed and delivered, of certain real estate, to secure an indebtedness of Zumpstein to the appellee of $1910.50, which amount was made up in part of the indebtedness on said note, with various provisions and conditions in the mortgage as to the mode of payment, and enforcement of the same in case of default. The bill also charged that by reason of the complainant's mere suretyship on the note, and the same being known to the appellee before the delivery to him of the mortgage and his acceptance thereof, without the knowledge and consent of the complainant, and from the nature and effect of the provisions, covenants and conditions of the mortgage, the complainant was dis-. charged from all liability to pay to the appellee any part of the promissory note, and was entitled to be protected from a judgment in the suit thereon. The bill further stated that it was agreed and understood between Zumpstein and the appellee, that so far as said note was concerned, the complainant should be discharged from all liability as security, and that Zumpstein should not be required to pay said indebtedness until the 30th of December, 1871.

The bill prayed for an injunction to restrain the appellee from further prosecuting his suit on the note against the complainant; the injunction was issued.

The appellee answering, admitted the execution of the note by Zumpstein and the complainant, and that the latter was security; the institution of the suit against Zumpstein and the complainant to enforce payment of the note; and that to secure an indebtedness of $1910.50, Zumpstein and wife voluntarily executed and delivered to the respondent a deed of mortgage on certain real estate in Frederick county, which he accepted as additional and collateral security for the indebtedness. The answer denied any agreement touching the release of the appellant as security. A replication was filed and testimony taken. After hearing, the Court (Lynch, J.) passed a decree dissolving the injunction and dismissing the bill; from this decree the complainant appealed.

The cause was argued before Bartol, C. J., Grason, Miller, Alvey and Robinson, J.

*John Ritchie,* for the appellant.

A mere collateral security does not disable the creditor from proceeding on the original contract, nor discharge a surety's liability. But this is not such a case. While Brengle was surety on the note referred to, the consideration of the mortgage in controversy was a merged indebtedness of that and another note owing to the appellee from Zumpstein, with which Brengle had no connection; and this blended aggregate, or sum total, was the basis of the new negotiation between Bushey and Zumpstein consummated in the instrument in question.

Such a consolidation of two distinct debts in one of which only the appellant was bound, would release his suretyship in equity, if there were no additional feature in the transaction.

But there is a further and conclusive fact. Zumpstein, for himself, his heirs and personal representatives, enters into a distinct covenant with Bushey, inserted in the

mortgage, for the payment of this aggregated indebtedness on the said 30th of December, 1871. This covenant loses none of its virtue because accompanying the mortgage. It is of, at least, as much force as if independently made. In fact, it is of greater force in connection with the point at issue, because being contemporaneous* with, and embraced in, the mortgage, it is to be regarded as part of the consideration for which the latter was executed. As the promissory note was a simple contract, and the covenant is an obligation under the seal of Zumpstein, being thus a security of a higher dignity, it merged or extinguished the original indebtedness, and, as a consequence, the surety in the original indebtedness is discharged.

On the several grounds, therefore, that the original contract has been varied; that the situation of the surety towards the property of the principal debtor has been prejudiced, and that the covenant entered into by Zumpstein has merged or extinguished the indebtedness on the simple contract, the appellant has been so affected that his suretyship is discharged.

If there is a valid agreement between the principal and the creditor, without the assent of the surety, by which the original contract is varied, merged or extinguished, or the right of the creditor to sue upon it is impaired, or the surety is prejudiced in his situation towards the property of his principal as a means of indemnification, the surety is thereby discharged. *Chitty on Bills,* 409; *Nisbett vs. Smith,* 2 *Bro. Ch. Cases,* 579; *Bk. of Ireland vs. Beresford,* 6 *Dow,* 233; *Miller vs. Stewart,* 9 *Wheaton,* 680; *United States vs. Admrs. of Hillegas,* 3 *Wash. C. C. Rep.,* 70; *Harris vs. Lindsay,* 4 *Wash. C. C. Rep.,* 271; *Boston Hat Co. vs. Messinger,* 2 *Pick.,* 232; *Rathbone vs. Warren,* 10 *Johns.,* 587; *King vs. Baldwin,* 2 *Am. Lead. Cases,* (3rd Ed.,) 241; *U. S. vs. Howell,* 2 *Am. Lead. Cases,* 295; *Rees vs. Berrington,* 2 *Lead. Cases in Equity, part*

2, 713, (*White & Tudor;*) *Clopper's Admr. vs. Union Bank,* 7 *H. & J.,* 103; *Mayhew vs. Boyd,* 5 *Md.,* 109, 110.

The covenant by Zumpstein discharged the appellant, because the acceptance by a creditor of a higher security than he had before, extinguishes the first debt. 2 *Bacon's Abgmt., title, Extinguishment;* 1 *Story on Prom. Notes, sec.* 408; 1 *Parson on Contracts,* 504, 505; *U. S. vs. Astley,* 3 *Wash. C. C. Rep.,* 508; *Williams vs. Hodgson,* 2 *H. & J.,* 474; *Moale vs. Hollins,* 11 *G. & J.,* 14; *Davidson & Sanders vs. Kelly,* 1 *Md.,* 500; *U. S. vs. Howell,* and *Harris vs. Brooks,* 2 *Am. L. C.,* (*3rd Ed.,*) 307; *Bullen & Leake on Precedents,* 42.

*Charles W. Ross,* for the appellee.

The mortgage executed by Zumpstein and wife to Bushey was additional, independent and collateral security. Collateral security may consist of a promissory note not due, a mortgage payable on time, or anything else, if it does not affect the remedy on the original instrument. *United States vs. Hodge, et al.,* 6 *Howard,* 283.

An assignment of property for the purpose of securing debts due and to be due, with power of sale upon giving six months' notice, is only collateral security, and without a special clause to that effect, does not suspend the remedy by action against the debtor. *Emes, et al. vs. Widdowson,* 4 *Carr. & Payne,* 151.

If, then, the mortgage be additional, independent and collateral, the security on the original cause of action is not discharged, unless it be by express agreement for a valuable consideration, on the face of the instrument working the discharge. It must be a contract which a Court of Law or Equity can enforce. *Emes, et al. vs. Widdowson,* 4 *Carr. & P.,* 151; *United States vs. Hodge, et al.,* 6 *Howard,* 283.

There is no clause in the mortgage, in which the mortgagee gives time or waives his right to sue on the original

cause of action. Nor is there any express agreement by the mortgagee that he will suspend his remedies on the note executed by Zumpstein and the appellant. Nor is there any contract expressed in said mortgage, which a Court of Law or of Equity can enforce to prevent the appellee from enforcing all his legal remedies against the makers of said note. The very terms of the proviso of the mortgage shows, that the original note was to remain in force, because it says, that if Zumpstein shall pay the sum of $1000, with interest, from the 20th of November, 1871, *all of which sums are secured by the promissory notes of said Frederick Zumpstein.*

The possession of an additional or collateral security does not impair the rights of a creditor to enforce payment of the obligation to secure which the collateral was given, so long as it does not appear that the debt has been paid. *Hayes vs. Wells & Babbitt,* 34 *Md.,* 512.

There can be no merger of the note in this case, because if a merger, the instrument creating the merger, must be between the same parties. In this case the note was by Zumpstein and Brengle to Bushey. The mortgage was executed by Zumpstein and wife to Bushey. Brengle was not a party to the mortgage, and there can, therefore, be no merger of the original note. *Bell vs. Banks,* 3 *Mann. & Gran.,* 258; *Drake vs. Mitchell,* 3 *East,* 251; *Ligget vs. Bank of Penna.,* 7 *Searg. & Rawle,* 218; *Holmes vs. Bell,* 3 *Mann. & Gran.,* 212; *Twopenny and Boys vs. Young,* 3 *Barn. & Cress.,* 56. Nor was the original cause of action merged, because the mortgage contained a covenant to pay the mortgage debt which was a security of a higher nature.

ROBINSON, J., delivered the opinion of the Court.

The bill in this case seeks to restrain the appellee from prosecuting to judgment, a suit upon a joint and several promissory note for the sum of one thousand dollars,

executed by the appellant and Frederick Zumpstein, and payable sixty days after date to the appellee.

The appellant *as surety* founds his claim to relief on the ground that subsequent to the maturity of the note, Zumpstein, *the principal,* mortgaged certain real estate to the appellee to secure the payment of nineteen hundred and ten dollars and fifty cents, which said sum included the amount due on the promissory note, with a covenant in the mortgage, on the part of Zumpstein, to pay the same on a day therein named.

The amended bill alleges, that the appellee at the time of the execution of the mortgage, agreed to release the appellant as surety, and further agreed to extend the time of payment on the note until the expiration of the time prescribed for its payment in the mortgage.

The appellee in his answer, says the mortgage was voluntarily executed by Zumpstein and accepted by him, as *additional* or *collateral security* for Zumpstein's entire indebtedness; and denies any agreement, either to release the appellant as surety, or to extend the time of payment on the note.

The case is submitted on bill, answer and proof.

It is contended on the part of the appellant:—

1st. That the mortgage being a security of a higher nature, its acceptance by the appellee operated as an *extinguishment* or *merger* of the promissory note.

2ndly. That the covenant in the mortgage to pay the amount due on the note, suspended the remedy on the latter until the expiration of the time prescribed therein for its payment.

It is well settled, that the acceptance of a security of a higher nature *in lieu of or in satisfaction* of one of an inferior nature, operates as an extinguishment of the latter; but where such security is accepted *merely* as *additional* or *collateral security* of a pre-existing debt, it is equally clear, that the doctrine of extinguishment or

merger does not apply. *Emes, et al. vs. Widdowson*, 4 *Carr. & P.*, 151; *Twopenny & Boys vs. Young*, 3 *Barn. & Cress.*, 208; *Bell vs. Banks*, 3 *Man. & Grang.*, 258; *Holmes vs. Bell*, 3 *Man. & Grang.*, 213.

The question then is, was the mortgage accepted by the appellee in satisfaction of the promissory note or merely as collateral security? In the first place, it was executed by but one of the parties to the note, and it is obvious from the face of the instrument, that its purpose was to secure the payment of the entire sum of nineteen hundred and ten dollars and fifty cents, of which the note in question formed only a part. Then again, there is no agreement on the part of the appellee to accept it in satisfaction, on the contrary, it refers to said indebtedness as being *secured by the promissory notes of Zumpstein*. Looking then to the face of the mortgage, we think it is clear upon the authorities, that it is to be regarded merely as additional or collateral security. In *Emes vs. Widdowson*, 4 *Carr. & Payne*, 151, suit was brought upon two bills of exchange by the drawer against the acceptor, and the defence set up, was an arrangement between the parties, by which the defendant assigned certain property as security for certain sums then due and to become due, the deed of assignment containing a power of sale to be executed upon six months' notice. TINDAL, C. J., said, "I am of opinion that such an assignment can only be considered as a collateral security, and that the personal remedy is not suspended, as there is no clause to that effect in the deed."

So in *Twopenny and Boys vs. Young*, 3 *B. & C.*, 208, where the defendant was surety for one Rummen, on a joint and several promissory note, and the *principal* executed a bill of sale to secure this debt among others, with a proviso, that it was not to be enforced until after three days' notice, it was insisted that the acceptance of the bill of sale extinguished the note, and further that the agree-

ment not to enforce it until after three days' notice, extended the time of payment on the note and thereby discharged the surety.   But the Court held it to be merely as collateral security, and that its acceptance did not merge the note, nor suspend the remedy on the same.   To the same effect is the case of the *United States vs. Hodge, et al.*, 6 *How.*, 279, where a suit was brought upon the bond of a defaulting postmaster, and the sureties on the bond set up as a defence, the execution of a mortgage by the postmaster, of certain real estate to secure to the department the payment of sixty-five thousand dollars, or such sum as might be found to be due on a settlement, from and after *six months from the date of the mortgage.*   In that case, as in this, it was contended, first, that the acceptance of the mortgage merged the original indebtedness, and secondly, that the agreement to give the principal six months, in which to pay the amount to be found due, discharged the surety.   The Court, however, held the mortgage to be merely as collateral security, and inasmuch as there was provision to that effect, it did not suspend the remedy on the bond.

Assuming then that the mortgage in this case, was accepted by the appellee as collateral security, the next question is, whether the right to sue on the promissory note was *suspended until the expiration of the time prescribed in the mortgage* for its payment?   It has been held, that where a negotiable note is accepted for a pre-existing debt, the remedy upon the old indebtedness will be suspended until the maturity of the note, and for the reason, that in such cases, the law will imply an agreement between the parties to extend the time of payment until such note shall become due.   *Baker vs. Walker,* 14 *M. & W.,* 465 ; *Belshaw vs. Bush,* 11 *C. B.,* 191-200 ; 2 *C. & P.,* 405 ; *Walton vs. Mascall,* 13 *M. & W.,* 452.

But these decisions seem to be grounded upon the peculiar nature of negotiable paper and the rule adopted in favor

of the law merchant. *Ford vs. Beech,* 63 *E. C. L.,* 873 ; 11 *Q. B.,* 852, 873 ; *American Leading Cases,* 5 *Ed.,* 277. Where however a *mortgage* is taken as collateral security for a pre-existing debt, the current of authorities hold that in the absence of an express provision in the mortgage to that effect, or proof *aliunde* to show that such was the intention of the parties, the mortgage will not suspend the remedy on the old indebtedness. And the reason upon which this rule is founded, applies with greater force to a mortgage executed by but *one of the parties* to the original debt. *United States vs. Hodge,* 6 *How.,* 79 ; 2 *American Leading Cases,* 5 *Ed.,* 475.

There is no provision in the mortgage before us to suspend the right of action upon the promissory note, and it must follow therefore that the liability of the appellant as surety is not discharged.

In regard to the parol proof, we concur with the Court below, that it is insufficient either to prove an agreement on the part of the appellee to release the appellant as surety, or to extend the time of payment on the note. The burden of proof was upon the appellant, and the testimony of Zumpstein, the mortgagor, in this respect, is flatly contradicted by that of the appellee.

For these reasons the decree below will be affirmed.

*Decree affirmed.*

(Decided 1st May, 1874.)