CHESTERTOWN BANK OF MARYLAND v. WALKER.

(Circuit Court of Appeals, Fourth Circuit.   July 18, 1908.)

No. 797.

1. BILLS AND NOTES—CONTRACT FOR ATTORNEY'S FEE—VALIDITY.
    Under the law of Maryland, a contract in a note to pay a collection fee
    if the note is not paid at maturity is valid to the extent of a reasonable
    fee actually expended or contracted to be paid, but no further.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §
    221.]

2. BANKRUPTCY—PETITION TO REVISE—FAILURE OF RECORD TO SHOW ERROR.
    An order of a District Court, reducing the amount of a claim made by
    a creditor of a bankrupt for a collection fee contracted for in the note
    given by the bankrupt in a state where such a contract is valid only to
    the extent of a reasonable fee, cannot be reversed by the Circuit Court
    of Appeals on a petition to revise, where there is no evidence in the rec-
    ord to show what would be a reasonable fee for the services which have
    been rendered by the creditor's attorney or the amount the creditor has
    paid or contracted to pay for the same.

Petition for Revision of the Proceedings of the District Court of
the United States for the District of Maryland, in Bankruptcy.

Hope H. Barroll (Chas. T. Wescott, Hope H. Barroll, and M.
DeK. Smith, on the brief), for petitioner.

Alonzo L. Miles, for respondent.

Before PRITCHARD, Circuit Judge, and BOYD and DAYTON,
District Judges.

DAYTON, District Judge.   Catharine F. Walker filed her petition
to be declared bankrupt in the United States District Court for the
District of Maryland, was so adjudged, the matter was referred to
a referee, and a trustee appointed.   On the 7th of September, 1907,
she filed her petition, directed to the judge of said court, setting forth
that since filing her petition in bankruptcy she had raised a sum of
money sufficient to pay all her creditors the full amounts due them,
together with such costs of the bankruptcy proceedings as might be
allowed by the court, but that she was advised that she had not the
power and authority to settle with her creditors without order of
the court dismissing this bankruptcy proceeding.   The prayer was
that the petition be dismissed, and that notice be given creditors as
provided by section 58a(8) of the Bankruptcy Act (Act July 1, 1898,
c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]).   Notice was,
by order of that day, given to creditors by publication, to show cause,
on or before September 21, 1907, why the prayer of said petition
should not be granted.   On this last-named day certain creditors filed
answers objecting to the dismissal of the proceeding, and thereupon
the matter was set down for hearing on the 28th of September, 1907,
all objecting creditors were directed to produce their claims and the
referee and trustee to return statements of expenses and costs in-
curred, on or before that day.   On September 22, 1907, the Chester-
town Bank filed its claim, verified by the oath of its cashier, in which
it is stated that Catharine F. Walker was, at the time of the filing of

her petition in bankruptcy, and still is, indebted to said bank in the sum of $28,000 for cash loaned her and evidenced by promissory note attached and secured by a mortgage, dated February 2, 1905. The note attached is dated August 2, 1906, and made payable six months thereafter to said bank at its banking house in Chestertown for $28,-000 and provides: "And if not paid when due we agree to pay five per cent. commission for collecting the same." In the statement filed, the bank claims the note, $28,000, interest, $1,124.67 (to October 1, 1907), and $1,456.26 "attorney's commission at 5 per cent. (to Marion DeK. Smith, Atty.)" The referee returned statements of his costs and also of the secured and unsecured claims, and on the 28th day of September, 1907, the court entered an order disallowing to the Chestertown Bank the "5 per cent. commission for collecting its debts of $28,000 and $500, aggregating $1,481.63," and in lieu thereof allowed its attorney, Smith, $250 for his services and directed the bankruptcy proceeding to be dismissed upon the payment of the debts and costs set forth. To revise this order touching the disallowance of the "5 per cent. commission for collecting" said two debts of $28,000 and $500, aggregating $1,481.63, and in lieu thereof allowing to its attorney $250 for his services, the Chestertown Bank has filed this petition in this court, to which Catharine F. Walker has filed her answer denying the right of petitioner to a revision.

It is undoubtedly true that in a number of states it is held legal for creditor and debtor to contract that in case the debtor fail to pay upon maturity that then the creditor may recover, in addition to his debt, interest and costs, a reasonable sum for attorney's fees for collection, and this has been held to be the law in Maryland. Bowie v. Hall, 69 Md. 434, 16 Atl. 64, 1 L. R. A. 546, 9 Am. St. Rep. 433; Gaither v. Tolson, 84 Md. 638, 36 Atl. 449. It is also true that in other states such contracts are held void, and in no state where usury laws are in effect are they permitted to be enforced, if such charges are either unreasonable or made a subterfuge, for usurious exactions. A creditor would not, for instance, under the law of Maryland, under such a contract be permitted to exact a commission of $500 for collecting a $100 debt. Nor would it be permitted to collect a commission of $1,400 "for collecting" a debt of $28,000, which the debtor came forward, an hour after it was due, to pay and before any attorney had been employed to collect it, for, as said in Bowie v. Hall, supra, the purpose of such a provision "is clearly not to put any money above the legal rate of interest into the pocket of the lender, but merely to enable him to get back his money with legal interest, and nothing more." And this statement of the law is quoted and approved in Gaither v. Tolson, supra. Very interesting discussions touching the validity and effect of this kind of contracts, pro and con, can be found in Wilson Sewing Machine Co. v. Moreno (C. C.) 7 Fed. 806, and Merchants' Nat. Bank v. Sevier (C. C.) 14 Fed. 662, and note; also, note to Bowie v. Hall, 1 L. R. A. 546, and note to Wright v. Traver, 3 L. R. A. 50. Recognizing that the law in Virginia and West Virginia, two other states in this circuit, as set forth in Toole v. Stephen, 4 Leigh (Va.) 581, in regard to this question, is squarely the opposite to that in Maryland, we here distinctly disclaim

any purpose to determine the question as an original proposition, because we are not required to do so by the conditions of this case. In this record there is absolutely no evidence to show that the bank ever employed an attorney in the matter, that such attorney ever in fact took any steps to collect, or, if he did, whether such sum was a reasonable compensation for his services, or whether the bank contracted with him to pay him such sum, or a smaller one therefor. For ought we can know, from the record which we are asked to revise, the bank may have contracted with him for these services for a sum of $250 and is seeking to recover for itself the balance of over $1,200 which, under such conditions, would be clearly usury. The action of the court below strongly indicates that the bank was not under obligation to pay any such sum or any other sum above $250 or that any sum above $250 was reasonable for the services actually performed. In the absence of all evidence to the contrary, we must conclusively assume that the court below acted rightly. The note does not provide for payment "of such reasonable attorney's fees and commissions as it (the bank) may incur in the collection of this debt not to exceed five per cent.," but it provides: "If not paid when due we agree to pay five per cent. commission for collecting the same." Pay to whom? The bank. Is this to be construed that Mrs. Walker was to pay this 5 per cent., amounting to over $1,400, to this bank in addition to principal and interest, regardless of whether or not it had incurred any such cost of collecting? Certainly not, but it is to be construed that she was to pay such commissions to the extent of 5 per centum in case the bank reasonably had to incur liability for and pay such commissions; not otherwise. In its petition this bank admits "that no testimony was taken in connection with the determination of the question as to whether said attorney's commissions were a proper part of the provable claims of your petitioner"; but it alleges that its attorney stated upon the hearing in the court below that the note and mortgage had been put in his hands for collection, and he had taken certain steps towards collection. This may all be true, but we are not permitted to revise the action of the court below upon the statements of this petition wholly unsupported by any evidence in the record.

The function of a petition to revise is certainly not to raise new issues of fact in this court, but, on the contrary, to point out errors at law existing on the face of the record presented to us from the court below. Again, it is to be noted that the bank itself did not by its proof of claim assert any right to this 5 per cent. commission. While it added the sum in its "statement," in the affidavit made by its cashier in proof of its demand it stated:

"That the said Catharine F. Walker * * * is, justly and truly indebted to said corporation in the sum of twenty-eight thousand dollars, that the consideration of said debt is as follows: Cash loaned said Catharine F. Walker on her promissory note hereto attached, and that no part of said debt has been paid, that there are no set-offs or counterclaims to the same, and that the only securities held by said corporation for said debt are the following: A mortgage dated February 2, 1905, on certain real property of said Catharine F. Walker, situate in Queen Anne's county, Md."

Clearly this affidavit does not furnish proof of this claim for 5 per cent. commission for collecting, but, on the contrary, excludes it, and the court below and this court may well assume that because it was not just, had not in fact been incurred, and under the circumstances was not reasonable, were the reasons why this bank's cashier in making affidavit to its claim would not and did not mention it. But finally, some seven days after the order complained of had been entered by the court below, this bank filed its petition asking leave to file the mortgage securing said indebtedness. This leave was granted, and the mortgage is here made part of the record. The objection to our considering as "evidence" this document produced after the hearing may be waived, for it is sufficient to say that if considered, instead of sustaining, it defeats the petitioner's claim in this particular. It clearly provides that this 5 per cent. commission was to be payable out of the proceeds of sale made under the mortgage and no such sale was made.

Therefore for these reasons the petition to revise must be dismissed, with costs to respondent.

Dismissed.