## THOMAS S. WEBSTER et al. *v.* PEOPLE'S LOAN, SAVINGS & DEPOSIT BANK.

[No. 12, October Term, 1930.]

*Decided January 8th, 1931.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*V. Calvin Trice,* submitting on brief, for the appellants.

*T. Sangston Insley,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

On November 18th, 1929, a judgment by confession was entered by the clerk of the Circuit Court for Dorchester County on the order of the court, in favor of the People's Loan, Savings & Deposit Bank of Cambridge, Md., appellee, against Thomas S. Webster Company and Noah Webster and Maude Webster, his wife, appellants, for the sum of $13,-245.69, with interest from date until paid and costs, $7.50, and $1,324.57, attorney's fee. On December 14th, and within the term, the appellants filed a motion to strike out the judgment, to which the appellee demurred, and, the demurrer having been sustained, the defendants appealed. The note upon which judgment was entered was made by "Thomas S. Webster Co. by Thomas S. Webster," to the appellee, for $19,700, dated January 1st, 1929, payable on demand. It was indorsed by Noah Webster and Maude Webster as guarantors and makers. *Johnson v. Phillips,* 143 Md. 16, 22, 122 A. 7. The note was collateral in form, and stated that there was deposited with it as security eight mortgages aggregating the sum of $19,475, with the authority to sell any or all of the collateral at public or private sale without notice, and "should there be any deficiency I/we further promise to pay such deficiency with all interest to date, to the holder of this note on demand, hereby consenting that judgment may be entered in favor of the holder hereof against me/us by any justice of the peace of this or any other State, or by the clerk of any court having jurisdiction for the amount of any such deficiency, including all interest and costs and 10% attorney's fees for collection, with waiver of the benefit of all exemption laws of this or any other state, without summons, notice or process. And I/we hereby authorize and empower any justice of the peace of the State of Maryland, in and for Dorchester County, or the clerk of the Circuit Court for Dorchester County, at any time after maturity, to enter judgment thereon for the amount of this note, including debt, interest, costs and 10 per cent. attorney's fees, without summons or process." One of the mort-

gages ($5,000) was paid in full, $1,000 on account of another, and $750 by the defendants, reducing the amount of the principal of the note to $12,950, which, with the interest due, makes up the amount of the judgment, $13,245.69.

While the appellants assign several reasons for striking out the judgment, they are to the effect that the mortgages assigned to the appellee, and held by it as collateral, constitute the primary obligation, and that the right of the appellee to have a confessed judgment entered in its favor by the clerk applies only to such deficiency as there may be after it has exhausted its remedies against the collateral. It has long been settled in this state that, in the absence of an agreement to the contrary, the holder of a note is not obliged to collect on collateral before proceeding to judgment on the principal obligation (*Gwynn v. Lee,* 9 Gill, 138; *Brewster v. Frazier,* 32 Md. 302; *Brengle v. Bushey,* 40 Md. 141; *Rees v. Logsdon,* 68 Md. 93, 11 A. 708), even though the collateral be of a higher nature than the principal or original obligation, the payment of which is thus secured.

The same objection was made to the attorney's fee as to the principal debt, and that is that no such fee was payable until the collateral had been exhausted. According to the terms of the note, no judgment or lien for an attorney's fee could be entered and no charge made until the entry of judgment for the principal debt or deficiency; the only authority to charge the fees having been included in the provision for judgment, and then at the rate of ten per cent. on the amount then owing. The authority of the clerk to enter the judgment by confession is derived from the statute (art. 26, sec. 6, of the Code) and in accordance with the terms of the consent. *Tyrrell v. Hilton,* 92 Md. 176, 48 A. 55. "When the clerk is authorized to enter judgment without the agency of an attorney, he 'may exercise the power only when the amount due appears on the instrument or can be rendered certain by calculation from its face.' " *Johnson v. Phillips,* 143 Md. 16, 27, 122 A. 7, 12.

That the parties to a contract have the right to agree for the payment of an attorney's fee in the event of default in payment by the promisor has long been recognized in the decisions of this court. "Parties have the right to make their contracts in what form they please, provided they consist with the law of the land; and it is the duty of the courts so to construe them, if possible, as to maintain them in their integrity and entirety." *Bowie v. Hall,* 69 Md. 433, 435, 16 A. 64; *Heller v. Marine Bank,* 89 Md. 602, 617, 43 A. 800. In a few of the courts of the country such provisions have been characterized as a cover to usury and declared void as against public policy. See *Raleigh County Bank v. Poteet,* 74 W. Va. 511, 82 S. E. 332, and the notes in L. R. A. 1915B, 928, Ann. Cas. 1917D, 359; 5 *Uniform Laws, Ann.* 38-48. In the great majority of the states such provisions have been upheld, in some as a penalty for failure to pay promptly as agreed, but in most cases as a contract of indemnity to reimburse the plaintiff for the expense of enforcing his contract incurred by the defendant's default. L. R. A. 1915B, 938. In *Bowie v. Hall,* 69 Md. 433, 435, 436, 16 A. 64, 65, it is said that such a contract cannot "be regarded as a cover to usury, for its effect is clearly not to put any money above the legal rate of interest into the pocket of the lender, but merely to enable him to get back his money with legal interest, and nothing more." See *Gaither v. Tolson,* 84 Md. 637, 639, 36 A. 449; *Chestertown Bank v. Walker* (C. C. A.), 163 F. 510. In 1 *Black on Judgments,* sec. 75, quoted in *Johnson v. Phillips,* 143 Md. 16, 26, 122 A. 7, 11, it is said: "Such a provision rests upon a valid consideration, and is not fraudulent as to other creditors; unless the amount designated as attorney's fees is grossly in excess of any reasonable amount, in which case the judgment, at least to the extent of such fees, is fraudulent and void as against the other creditors of the defendant." There being no question of the validity of the provision for the attorney's fee in this case, the only other question is as to the form the entry should take, and that is, whether the

amount stipulated should be included in the judgment or entered as costs. The practice is not uniform in the states where the validity of such a provision is upheld. In *Schillinger v. Leary,* 201 Ala. 256, 77 So. 846, it was held that the attorney's fee was recoverable as part of the contractual obligation. See *Graves v. Neeves,* 183 Ill. App. 235; *McClain v. Continental Supply Co.,* 66 Okl. 225, 168 P. 815. In *Freeman on Judgments* (5th Ed.), sec. 1336, it is stated that, "if specified attorney's fees are provided for in a note and warrant of attorney, they are properly included in the judgment unless such a provision is regarded as invalid or is contingent upon the actual commencement of an action and the confession is without action." See also *Black on Judgments,* sec. 75. *Bovee v. Helland,* 52 Mont. 151, 156 P. 416, approved the taxation of attorney's commissions as costs. In *Kerr v. McKinney,* 69 Okl. 88, 170 P. 685, it was said that attorney's fees may be taxed as part of the costs, though it was stated that the better practice was to include them in the judgment.

In the courts of this state the practice is not uniform. In some circuits the attorney's fees or commissions are included in the judgment, and in others they are taxed as costs. It is the better practice to enter the fees or commissions as a separate item and not to include the amount in the judgment for the principal obligation. The judgment for the principal bears interest, while the fees or commissions do not, and the question of usury would thus be avoided. If the principal debt and the fees be combined, it would be necessary to file in the proceedings a memorandum showing on what terms and conditions the judgment is entered. See *Huston v. Ditto,* 20 Md. 305; *Neidig v. Whiteford,* 29 Md. 178, 183, 184; *Robinson v. Consolidated Real Estate Co.,* 55 Md. 105; *First Mortgage Homestead Association v. Mehlhorn,* 133 Md. 439, 449,.450, 105 A. 526. The judgments for the principal debt and the fees or commissions are both payable by the defendant to the plaintiff, the latter by way of indemnity, to the extent stipulated, for the expense of employing an attorney to

collect by suit at law the principal debt. The commission entered is not a gratuity to which the attorney is entitled upon the entry of his appearance for the plaintiff, but is payable for services rendered as the judgment is collected, and at the rate or in the proportions stated in the contract or order of court. *Johnson v. Phillips,* 143 Md. 16, 25, 122 A. 7. If the plaintiff pays less for the services of his attorney than the amount stipulated, or allowed by the court where the amount is not specified in the instrument (*Johnson v. Phillips,* 143 Md. 16, 26, 27, 122 A. 7), then it is his duty to remit or credit the difference; if he pays more than the fees entered, then he is out the excess. To repeat what was said by Judge Miller in *Bowie v. Hall,* 69 Md. 436, 16 A. 64, 65: "Its effect is clearly not to put any money above the legal rate of interest into the pocket of the lender, but merely to enable him to get back his money with legal interest, and nothing more." For the appropriation by the plaintiff of any part of the fees, or the payment of them without corresponding services, or the failure to allow proper credits, the errors can be corrected on motion made in the case by the defendant. *Gorsuch v. Thomas,* 57 Md. 334. After an entry of satisfaction, the defendant may obtain relief by an accounting.

We find no error in the form or manner in which the judgment, costs, and fees were entered in this case, and the order appealed from must be affirmed.

*Order affirmed, with costs.*