## STATE ROADS COMMISSION OF MARY-LAND *v.* SHARPER ᴇᴛ ᴀʟ.

[No. 271, September Term, 1962.]

*Decided May 10, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Richard M. Pollitt, Special Attorney,* with whom were *Thomas B. Finan, Attorney General, Joseph D. Buscher, Special Assistant Attorney General,* and *T. Thornton Murray, Special Attorney,* on the brief, for the appellant.

*C. Calvert Lancaster,* with whom were *Adrian P. Fisher* and *Fisher & Lancaster* on the brief, for the appellees.

MARBURY, J., delivered the opinion of the Court.

The State Roads Commission brings this appeal from the judgment on an inquisition in a condemnation case in the Circuit Court for Prince George's County, based on a contention that the trial judge abused his discretion in limiting appellant's counsel in his cross-examination of appellees' expert witness, a real estate appraiser. We are also faced with a motion to dismiss the appeal by appellees on grounds, among others, that the appellant's brief and appendix do not contain sufficient facts upon which this Court can base its decision.

The property sought to be condemned by the appellant for use in the construction of the capital beltway consisted of 8.59 acres in fee simple, and 0.04 acres of excess land in fee simple, together with certain rights-of-way and easements for drainage and snow fences. It is part of a 28.35 acre tract owned by the appellees in the Oxon Hill District of Prince George's County. This tract was improved by a two and one-half story brick home, plus a smaller brick house and numerous out-buildings. The property sought to be condemned was improved by a septic field used in connection with the brick home, a pump house, chicken house, barn and sheds. In addition, there was also an overhead irrigation system used in connection with the growing of cut flowers, the Sharpers being in the florist business.

The appellant had deposited in the court at the time of trial the sum of $81,500. At the trial, the inquisition returned by the jury was in the amount of $135,225 for the Sharpers, and $2,630.51 for the Washington Suburban Sanitary Commis-

sion. The award to the Sanitary Commission is not involved in this appeal.

The appellees' expert witness, William W. Mollan, the real estate appraiser, after testifying on direct examination as to his opinion of the value of the subject property before and after the taking, was cross-examined by the appellant's attorney. The trial judge, upon objection being made by appellees' attorney, requested the appellant to proffer what it intended to prove by the line of questioning being followed. Appellant's counsel stated it was for the purpose of discrediting the witness, but refused to give the court, upon request, any examples of the comparable sales different from those which had been testified to by the witness on direct examination. The court sustained the objection to this line of questioning, which related to plats not in evidence and not sought to be brought before this court in any way.

Maryland Rule 828 b 1 specifies that the printed extract *shall* contain such parts of the record reasonably necessary for the determination of questions presented on appeal. It is noted that this section is a mandatory requirement. Rule 835 b (5) specifically provides that on motion filed by any party, the appeal may be dismissed if the contents of the printed record do not comply with section b of Rule 828. The missing material was not subsequently supplied, as in *Brown v. Fraley,* 222 Md. 480, 161 A. 2d 128, where we denied the motion to dismiss. In *Standard Homes v. Pasadena Co.,* 218 Md. 619, 147 A. 2d 729, we overruled a motion to dismiss because the appellee himself furnished the necessary plats with his brief which appellant had not supplied and upon such omission appellee had based his motion to dismiss.

We think that the trial court took too restricted a view of the scope of cross-examination, but we have nothing before us to indicate any prejudice therefrom. As far as we can tell from the colloquy printed in the appendix, the proposed inquiry would have developed little, if anything not already in evidence.

Accordingly, the appeal is dismissed.

*Appeal dismissed. Costs to be paid by appellant.*