## SALEM CONSTRUCTION CORPORATION
### ET AL. *v.* TOMPKINS

[No. 13, September Term, 1970.]

*Decided October 21, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Yale L. Goldberg* for appellants.

No brief filed on behalf of appellee.

PER CURIAM.

The appellee filed no brief. The appellants, seeking to reverse a judgment against the builder of a party line wall and the purchaser of the property on which the wall stood, in favor of a neighboring owner, for deprivation of

lateral support caused by the wall, filed a record extract which fell fatally short of meeting the mandatory requirements of Maryland Rule 828 b. The failure to print more than a small part of the testimony, none of a number of exhibits and but an extract from the trial court's opinion makes it impossible for this Court to decide the correctness of the trial court's determinations on liability and damages.

Rule 828 b 1 requires the printed extract to "contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal," including "[s]o much of the evidence * * * as is material to any question the determination of which depends upon the sufficiency of the evidence * * *." The Court will not pass upon matter not printed in the extract since it is not readily available to each member of the Court. *McBurnie v. McBurnie,* 214 Md. 210; *Lustine v. State Roads Commission,* 217 Md. 274; *Silverman v. Ruddle,* 234 Md. 353; *Prime Contractors v. M. & C. C.,* 241 Md. 55. Rule 828 i provides that for violation of section b of Rule 828 this Court "may dismiss the appeal." We have concluded that this sanction should be invoked in this case. *Gmurek v. Kajder,* 203 Md. 437; *Jacobs Instrument Company v. Comptroller,* 216 Md. 290; *Mor v. Prince George's County Animal Rescue League, Inc.,* 256 Md. 202.

> *Appeal dismissed, costs to be paid by appellants.*