## ROY ET UX. *v.* HYDE ET AL.

[No. 367, September Term, 1970.]

*Decided March 8, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Peter C. Andresen* and *George F. Paxton* for appellants.

*David E. Betts,* with whom were *Betts, Clogg & Murdock* on the brief, for appellees.

PER CURIAM.

Appellants, Raymond L. Roy and Jacqueline Ann Roy, his wife, here appeal an order overruling their exceptions to an auditor's report concerning property owned

by them which was sold to satisfy the lien of the appellees. The docket entries clearly reflect the presence of a court reporter at the hearing and the chancellor in his order overruling the exceptions interlined in longhand, "As orally announced". It is therefore assumed that there was an oral opinion intended to comply with the mandate of Maryland Rule 18 c. The appellants have not included a transcript of that opinion in the record, nor have they printed it as a part of the record extract, although they have seen fit to print the chancellor's oral opinion upon which the decree was issued under which the property was sold, the propriety of which decree is not before us.

Rule 828 b 1 requires the printed extract to "contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal", including "[t]he * * * opinion * * * of the lower court, if any", and "[s]o much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court." Rule 828 i provides that "[f]or violation of section b of this Rule, this Court may * * * dismiss the appeal". We have concluded that this sanction should be invoked in this case. *Salem Constr. Corp. v. Tompkins*, 259 Md. 345, 269 A. 2d 824 (1970).

Without the oral opinion we do not know whether evidence was offered on certain of the exceptions and we know nothing as to the reasoning of the chancellor on any of the exceptions. As has been indicated, the chancellor overruled the exceptions to the auditor's report. On the basis of the record which is before us we would have reached no other result.

*Appeal dismissed; appellants to pay the costs.*