## BASILIKO *v.* ROYAL NATIONAL BANK OF NEW YORK

[No. 97, September Term, 1971.]

*Decided December 6, 1971.*

546

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*James L. Baer,* with whom were *Clark & Cromwell* on the brief, for appellant.

*Kevin P. Charles,* with whom were *Hogan & Hartson* on the brief, for appellee.

PER CURIAM.

In this case appellant, Nick Basiliko (Basiliko), complains because of entry of judgment against him in fa-

vor of appellee, Royal National Bank of New York (Bank), for $462,225.99 with interest at 6% from January 29, 1971, "on the outstanding balance."

This judgment was actually made up of $388,093.63 debt, $13,842.01 interest and $60,290.35 attorney's fees, the latter figure being 15% of combined debt and interest. The attorney's fees did not appear as a separate item, but were included in the total. In thus entering the judgment the admonition of this Court in *Webster v. People's Loan etc., Bank,* 160 Md. 57, 152 A. 815 (1931), was overlooked. Judge (later Chief Judge) Sloan there said for the Court:

> "It is the better practice to enter the fees or commissions as a separate item and not to include the amount in the judgment for the principal obligation. The judgment for the principal bears interest, while the fees or commissions do not, and the question of usury would thus be avoided." *Id.* at 62.

The cause of action arises on a guarantee by Basiliko to Bank of sums to be borrowed by a Florida corporation. This case was heard on motion for summary judgment. Basiliko contends that summary judgment was improperly entered, claiming there are two triable issues of fact. The first is whether an officer of the corporation "transferred funds from [the corporation] account to his own name and then made payments to the Appellee bank." The second is whether there was authority for additional borrowing.

To the first contention Basiliko adds some window dressing by stating that he has not had the opportunity to utilize his discovery rights under the Maryland Rules in order to ascertain whether such transfers have in fact been made, pointing out that the motion for summary judgment was filed one day after his pleas were filed and also pointing to an agreement between stockholders that no additional sums were to be borrowed.

The point about discovery is completely without merit. The pleas were filed on October 19. The matter was argued before Judge Shook on January 29th. The intervening three and one-third months provided ample time for interrogatories and depositions. As a matter of fact, Basiliko was summoned on September 16. Had interrogatories been filed at the same time the pleas were filed, answers under Maryland Rule 417 b 1 would have been due 15 days thereafter, unless the court for good cause shown extended or shortened the time. No interrogatories were filed. The presence of unanswered interrogatories having an obvious bearing on this proceeding might well have been a basis for postponement of a hearing on the motion for summary judgment if such hearing had been pressed for immediately, rather than being held over three months after the motion for summary judgment was filed.

The claim relative to transfer of funds by the corporate officer from the corporation to his own name is not one cognizable in this proceeding on the present state of the record as a defense to the guaranty agreement. At no point has Basiliko by affidavit set forth facts showing such activity on the part of the corporate officer took place.

The contentions relative to the agreement between the stockholders that no additional funds would be borrowed may be the basis for litigation between some of those parties, but since there is no affidavit showing knowledge of the agreement on the part of the Bank, these contentions do not raise a triable issue of fact as to the liability of Basiliko to the Bank under the guaranty agreement. The Bank was presented with a certified copy of a corporate resolution authorizing the loan.

Finally, in this Court Basiliko attacks the 15% attorney's fee allowed as specified in the guaranty agreement. Under Maryland Rule 885 we do "not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower

court." Basiliko has failed to print in the record extract anything showing that this point was presented to the lower court. The requirements of Rule 828 are mandatory. *Riggs National Bank v. Welsh,* 254 Md. 207, 217, 254 A. 2d 172, 255 A. 2d 289 (1969) ; *State Roads Comm. v. Sharper,* 231 Md. 411, 190 A. 2d 647 (1963) ; and *Platt v. Wilson,* 191 Md. 371, 62 A. 2d 191 (1948). This point, therefore, is not before us. We note in passing, however, that we find the contentions of Basiliko relative to the attorney's fee without merit.

Rule 828 b 1 (a) requires the printing in the record extract of "the opinion * * * of the lower court, if any." The docket entries reflect the presence of a court reporter at the hearing on the motion for summary judgment. Judge Shook did in fact give an oral opinion. Basiliko has not seen fit to have that opinion transcribed so it could be included in the record to this Court. Therefore, it obviously is not included in the record extract. Under the authority of Rule 828 i we would dismiss the appeal as was done in *Roy v. Hyde,* 261 Md. 283, 284, 274 A. 2d 389 (1971), and *Salem Constr. Corp. v. Tompkins,* 259 Md. 345, 269 A. 2d 824 (1970), were it not for the fact that we are of the opinion that the docket entries in the Circuit Court for Montgomery County should be amended.

> *Judgment modified; judgment entered in favor of Royal National Bank of New York against Nick Basiliko in the amount of $401,935.64 with interest from January 29, 1971, until paid, $60,290.35 attorney's fees, and costs; judgment as modified, affirmed; appellant to pay the costs.*