(Decided 16th December, 1880.)

JOSEPH J. ROBINSON & SON and others *vs.* THE CONSOLIDATED REAL ESTATE AND FIRE INSURANCE COMPANY OF BALTIMORE CITY.

*Priority of a Judgment over Mechanics' Liens in the Distribution of an Insolvent's Estate.*

The appellee on the 3rd October, 1874, leased certain lots of ground in Baltimore to J., he contemplating the borrowing of money from the appellee to erect houses on the ground, and in pursuance of an agreement whereby the appellee was to advance from time to time money to him for the erection of the houses, J. did, at the time of accepting the lease, confess a judgment in favor of the appellee for $4500 on terms, whereby the same was to be held as security for the re-payment of all moneys the appellee might advance to J. (not to exceed the amount of the judgment,) between its date and the 1st January, 1876. At the same time J. mortgaged the ground to the appellee to secure the advances mentioned in the terms of the judgment. After the judgment had been entered up and the mortgage made, J. commenced the houses; and after the commencement of the houses the appellee in pursuance of the terms of the judgment, advanced to J. an amount exceeding $693. The appellants furnished materials for and about the erection of the houses, also for an amount exceeding $693, for which they filed liens against the property. On the distribution in insolvency of $693, proceeds from the sale by the trustee of J., an insolvent debtor, of the property leased to him by the appellee, it was HELD :

That the judgment to the appellee had priority over the mechanics' liens filed by the appellants.

Robinson, *et al. vs.* Consol. Real Estate and Fire Ins. Co.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued by agreement of counsel before BARTOL, C. J., ROBINSON and IRVING, J., and the decision was participated in by ALVEY, J.

*James Pollard* and *James H. Gable*, for the appellants.

*Luther M. Reynolds*, for the appellee.

IRVING, J., delivered the opinion of the Court.

This case presents a single question for our decision. It is a controversy between lien holders in the distribution of an insolvent's estate. The Judge of the Court of Common Pleas, whence the appeal comes, certifies, that "the only question raised and decided by him sitting as a Court of insolvency, was whether the judgment, the docket entries whereof were filed in the cause by the Consolidated Real Estate and Fire Insurance Company, or the mechanics' liens, filed by the several claimants, were entitled to priority upon the agreed statement of facts filed therein, in the distribution of the fund in the hands of the trustee in insolvency, amounting to the sum of $693.00." The judgment was, by the decision of that Court, awarded priority and the audit so allowing was ratified; and the only question before us is, was that determination right as a question of law.

The judgment, so awarded priority, was rendered by confession in the Baltimore City Court on the 3rd day of October, 1874, for $4500, with interest until paid and costs. Filed with the judgment was this agreement: "It is agreed, that judgment shall be entered in this case in favor of the plaintiff for forty-five hundred dollars, with interest from this date and costs. The said judg-

Robinson, *et al. vs.* Consol. Real Estate and Fire Ins. Co.

ment is to be held by the plaintiff as security for the re-payment to it as the same may become due, of all moneys which it may loan or advance to the defendant between this date and the 1st day of January, 1876, and for the payment at maturity to the plaintiff of all indebtedness of the defendant to the plaintiff which the defendant may contract or incur during that period, but so that the amount of such loans, advances and indebtedness shall not exceed in all forty-five hundred dollars, when such loans, advances and indebtedness shall be paid to plaintiff in full, then the said judgment shall be stricken out."

It is admitted that the proceeds of sale, in the hands of the trustee ($693.00) for distribution, arise from the sale of the insolvent's leasehold interest in certain lots leased for ninety-nine years, renewable forever, to the insolvent, by the appellee.  " It is also admitted, that the said Jones (the insolvent) contemplating borrowing money from the said Consolidated Real Estate and Fire Insurance Company of Baltimore, a body corporate, and duly incorporated under the laws of Maryland, and in pursuance of *an agreement* whereby the said company was from time to time, to make certain advances to said Jones for the erection of certain buildings and improvements on said lots, and to secure the same, confessed the judgment in favor of said company, prior to the commencement of the said buildings, and upon the terms filed with said judgment, a copy of which terms is herewith filed, and marked ' terms of judgment, A No. 1,' and which it is agreed shall be taken as a part of this statement of facts."   It is admitted also, " that there was a mortgage of even date with the lease and the judgment, executed and recorded prior to the commencement of the buildings to secure the advances and loans mentioned in the terms of the judgment, which advances were to be made to the said Jones, to be used in the construction of the said buildings and improvements, in the amounts, and at the times fixed therefor in the said mort-

gage, commencing with the laying of the first joist, and ending with the completion of the said buildings, all of which said payments and advances were actually made, subsequent to the commencement of the said buildings and improvements." It is also admitted that the materials, lumber, and work mentioned in the lien claims were furnished and done on and about the buildings at the times charged, and exceed in amount the sum of money for distribution. It is also agreed, that on this statement of facts, the Court should decide which lien had priority, and should ratify the audit, which was in accordance with his view of the law, reserving the right of appeal to each party.

The appellants contend, that as their lien by the law commences with the commencement of the building, and the advances of the appellee to Jones, the insolvent, by concession, were not made until after the building was actually begun, and by the terms of the agreement as specified in the mortgage mentioned in the agreement, were not to be made until after the building was commenced, the mechanics' liens are entitled to priority, notwithstanding the judgment antedates the commencement of their lien. To sustain this contention, he cites us to numerous cases, and among them to *Hopkinson vs. Holt*, 9 *House of Lords Cases*, 514, wherein the case of *Gordon vs. Grahame*, 7 *Vin. Abr.*, 52, and 2 *Eq. Cases Abr.*, 598, has been overruled ; which case, being as it is argued, the basis of this Court's decision in *Wilson, et al. vs. Russell, et al.*, (13 *Md.*, 495,) the appellants insist should now be overruled also.

The decision in 13*th Maryland* does not rest, and was not placed solely on the case of *Gordon and Grahame;* for this Court, mentioning the conflict of authority existing on the subject, and citing the various authorities upon both sides of the question, said that "the *weight of authority* sustained the principle established in *Gordon and Grahame.*"

Robinson, *et al. vs.* Consol. Real Estate and Fire Ins. Co.

The rule adopted by this Court in *Wilson and Russell*, is not so inflexible that it can have no exception. The peculiar circumstances of some cases might present us occasion to depart from that rule, for the purpose of doing absolute equity between the parties. Lord CRANWORTH, in his very able opinion in *Hopkinson vs. Holt*, (9 *H. of Lds.*,) wherein he defends the rule of *Gordon and Grahame*, and dissents from the opinion overruling it, suggests a case where the rule ought not to be enforced. But this case is not one which requires us to depart in any degree from our former holding.

It is now the settled law of this State, and it may be regarded as the settled law almost everywhere, that a judgment may be taken to secure future advances and liabilities where there is an agreement to make those advances; "and any future advances not exceeding the amount of the judgment made thereunder will be covered thereby." *Neidig, Adm'r Neidig vs. Whiteford*, 29 *Md.*, 183. In the present case it is admitted there was such an agreement. All we know on that subject, is derived from the admission of facts, upon which the case was considered and decided by the Court of Common Pleas. Not only by a fair construction of that admission, are we warranted in supposing there was an agreement on the part of the appellee to make the advances contemplated by the judgment; it is the only and unavoidable conclusion the Court below, or we could draw from the admission of facts. The agreement of facts not only says there was "such agreement," but it also admits that the mortgage, which was also taken for securing the same advances, fixed the precise times at which the advances were to be made. If there was no admission on the subject, it is not absolutely clear that the terms of the judgment subscribed by the parties, and filed as its basis, does not by necessary implication import such an agreement on the part of the appellee to make the advances, as *Neidig's*

*Case*, and the other cases on the subject contemplate. For the purposes of this case, however, it is not necessary to pass on the effect of the terms of the judgment in that regard, and we do not pass on that, but rest our decision upon that branch of the case wholly on the admission of record, that there was such an agreement to make the advances secured by the judgment. The advances were made, and the appellee claims allowance on account of them in preference to the mechanics' liens of the appellants. The Act of 1872 modifying the law in respect to mortgages to secure such advances, has no effect on a case like the present, which is rested on the judgment lien ; the judgment having been taken for the' whole amount intended to be loaned. That judgment being of record was notice to the world of its existence, as a lien from its date against the property of the judgment debtor. The lien existed, and execution could have issued, for there is no stay of execution entered. Equity it is true might have restrained a sale attempted under it, if it appeared that the advances forming the debts for which it was given, or no part of them had been made. But we see no ground upon which execution could have been refused at any time for such advances as may have been made. It is the right to execution which is supposed to support the lien accorded to judgments, but it is not necessarily a right to immediate execution. A judgment entered with a stay of execution is no less a lien from its date, because the right to issue execution is suspended for a time. The lien relates to, and begins from the date of the judgment, and as between different execution creditors, the priorities are always fixed ; not from the date when the executions of each, of right, might have issued, but from the date of the judgments respectively. This judgment creditor had his lien by his judgment, and made his advances resting upon it, but the appellants contend that inasmuch as the advances were actually made

after the buildings were actually begun, their liens must take precedence, because the statute is supposed to give such lienors a lien from the commencement of the building. The lien of the material man for the materials he furnished by the express language of sec. 23 of Art. 61 of the Code, commences from the time the materials *are furnished.* It is true that the lien for *work done* has been decided, to date from the actual commencement of the work on the building. *Brooks vs. Lester, et al.,* 36 *Md.,* 65; *McShane, et al. vs. Jean, et al.,* 38 *Md.,* 288; *Kelly & Martin vs. Rosenstock & Stein, et al.,* 45 *Md.,* 389.

The 15th sec. of Art. 61, expressly postpones to such liens all mortgages, judgments, liens and encumbrances which attach upon such building or the grounds covered thereby, "*subsequently* to the commencement thereof." This judgment is not embraced within the letter of the statute, for it was confessedly entered *before* the building was commenced; but it is insisted, that it is embraced within the spirit of the statute, and is to be postponed to the appellants' liens. The contention of the appellants involves this assumption, that, while the appellee's judgment was a lien when they did the work and furnished the materials, their lien for work and materials is superior in equity, though dating subsequently, because the statute favors them over the judgment; notwithstanding, in point of fact, the advances may have been made before the work was all done, or the materials were all furnished.

It does not appear at what dates the advances were made, though it is admitted, for the purposes of this decision, that they were all made after the building was actually begun. For aught that appears, therefore, the advances may have been made, in fact, before the bulk of the materials was furnished, and the work was but partially done. If the rights of the parties are to be adjusted according to the dates when the liens by law, became such, the judgment being earlier in date was properly

Robinson, *et al. vs.* Consol. Real Estate and Fire Ins. Co.

awarded  priority.   If the liens are to be regarded as con-
structive only, and that notice of one or the other must
control as the party had notice,  still the judgment  debtor
has the superior equity; for his judgment was already of
record and was notice to the appellants of its existence
and the rights acquired under it, before theirs began, and
theirs were created with a full knowledge of the fact, and
of the law in Maryland controlling the respective priori-
ties.   But it is argued that the advances were not made
till after the building was actually commenced, when
some of the materials, at least had been furnished, and
the law gave the appellee notice that a lien might be
claimed; and therefore the judgment creditor must be
postponed.   Here again the judgment creditor replies,.
and with much force, that his advances, by the terms of
the agreement, (of which the appellants had full notice,)
were made for the express purpose of defraying the
expenses of putting up the buildings and making the
improvements.   He most reasonably might suppose the
money he advanced had paid for the materials and work
for which the appellants now claim liens.   No claim was
then preferred.   Therefore, appellee had no notice of a
*debt* for which a claim would be set up to lien, and
advanced the money covered by his judgment, without
notice of their claim, while they had notice of the judg-
ment.   In any aspect of this case·as presented, appellee's
claim was entitled to the priority which was accorded to
it.   The order ratifying the audit which gave it that
priority will be affirmed.

*Order affirmed with costs.*

(Decided 16th December, 1880.)