## GEORGE R. GAITHER, JR., Assignee, *vs.* MARY V. TOLSON, by Her Husband and Next Friend, JOHN H. TOLSON.

*Mortgages—Sale—Attorney's Commissions for Collecting Debt Covenanted to be Paid in Addition to Trustee's Commissions.*

The mortgagors covenanted in a mortgage to pay the debt and all costs and attorney's commissions incurred in its collection, and it was provided that in case of a sale, the proceeds should be applied; first, to the payment of all prior liens ; secondly, to the payment of all expenses incident to the sale, including compensation to the person making the sale as to trustees in equity, and afterwards to all moneys " owing hereunder." Upon the maturity of the mortgage, the mortgagee employed a firm of lawyers to collect the debt, and afterwards assigned the mortgage to one of the firm for the purpose of having a foreclosure made. The land was sold by the attorney as trustee. The auditor's account allowed commissions to the trustee who made the sale, and also commissions for collecting the debt to the attorneys. Upon exceptions by a subsequent mortgagee, *held,* That the agreement of the mortgagors was to pay an attorney's commission for collecting the debt, and this agreement was valid ; that the duties required of the attorney to collect the mortgage debt, are different from those imposed by statute upon the person appointed to make the mortgage sale ; that the mortgagors provided for compensation for both of them by distinct clauses in the mortgage, and since the duties are different, it can make no difference whether they are performed by the same or by different persons, and that it was proper to allow trustees' commissions for making the sale, and also attorneys' fees for collecting the debt.

Under the above-mentioned mortgage, the mortgagee would not be entitled to employ himself as attorney to collect the debt, and charge the expenses of the same on the proceeds of sale.

Appeal from an order of the Circuit Court for Queen Anne's County (Russum, C. J.), sustaining exceptions to an auditor's account distributing the proceeds of a mortgage sale, and directing a new account to be stated in accordance with the opinion of the Court.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE and BOYD, JJ.

*George R. Gaither, Jr.,* (with whom was *Harry M. Clabaugh, Attorney-General,* on the brief), for the appellant.

*Olin Bryan,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

The question in this case is of considerable interest. James S. Cockey and others mortgaged certain land to Thomas H. Gaither for seven thousand dollars. In course of time it became necessary to sell the land for the payment of the debt; and for the purpose of having a sale made, the mortgagee assigned the mortgage to George R. Gaither, Jr., attorney at law, by writing under his hand and seal. This assignment is dated May the second, eighteen hundred and ninety-five. The mortgagee had in the previous February placed the mortgage debt in the hands of Gaither & Clabaugh, a law firm, for collection by foreclosure. Mr. George R. Gaither, Jr., is a member of this firm. The land was sold and the sale duly ratified. The auditor allowed among other claims the trustee's commissions amounting to four hundred and two dollars to George R. Gaither, Jr., who made the sale, and attorney's commissions for collecting the debt, amounting to three hundred and seventy-seven dollars and some cents, to Gaither and Clabaugh. Mrs. Tolson, the holder of a second mortgage, filed an exception to the allowance of the attorney's commissions, and the exception was sustained by the Court.

The mortgagors covenanted in the mortgage among other things to pay the debt and interest intended to be secured by it; all costs and attorney's commissions incurred in the collection of it, or any part thereof, and all prior liens on the property. And it was provided that the proceeds of sale should be applied, first, to the payment of all prior liens, and secondly, to the payment " of all expenses incident to the sale, including compensation to the person making the

sale as to trustees in equity" and afterwards all money
"owing hereunder," and then the balance to the mortgagors.
There has been no objection to the payment of the compen-
sation for making the sale.    As determined in *Johnson* v.
*Glenn*, 80 Md. 369, this compensation could not have been
claimed in the absence of any agreement to that effect by
by the parties.    But the validity of agreements of this kind
may be considered as firmly established by repeated deci-
ions of this Conrt.    In *Bowie* v. *Hall*, 69 Md. 434, the
Court upheld a stipulation made in a note for the payment
of money, that the debtor should pay "all cost or expense of
collecting the same, including attorneys' commissions."    It
was there said, "Parties have the right to make their con-
tracts in what form they please, provided they consist with
the law of the land, and it is the duty of the Courts so to
construe them, if possible, as to maintain them in their in-
tegrity and entirety."    And it was also said that the effect
of the particular contract then in question "was not to put
any money above the legal rate of interest into the pocket
of the lender, but merely to enable him to get back his
money with legal interest and no more."    The covenant in
the mortgage to pay attorneys' commissions must then be
considered as sanctioned by the opinion of the Court.    The
agreed statement of facts informs us that the mortgagee,
in February, eighteen hundred and ninety-five, employed
Gaither and Clabaugh to collect the debt by foreclosure.
As soon as this employment was made and accepted, mu-
tual duties, rights and obligations arose between the parties.
The attorneys were bound to exert their skill, knowledge
and diligence in the collection of the debt; and they became
responsible pecuniarily for the performance of their contract.
On the other hand, the mortgagee at the same time became
responsible to them for the payment of their reasonable fees
when the money should be collected.    He had provided
himself by the covenant in the mortgage with an adequate
resource for this payment; and they had agreed that their
fees should be paid in this way.    But this circumstance did

not affect the nature of the contract, or impair or vary in any way the duty which the attorneys were bound to perform. It is not unusual when an attorney receives a claim for collection for him to look for the payment of his fees exclusively to the sum collected. Fees for collection are understood to mean fees to be paid when the debt is collected. Certainly an express contract to this effect can work no change in the relations of the parties. Now, it was the duty of the attorneys to take care that the land should be sold under mortgage proceedings, and, if practicable, that it should bring such a price that the portion of the proceeds of sale applicable to the payment of the mortgage debt should be sufficient to discharge it. Then, and then only, would the mortgage debt be collected. If, upon a sale, the sum bid should not be adequate, the attorneys would be required to exercise their judgment on the question whether another sale would result more favorably and to obtain it if they could do so, provided they should consider it expedient. After the sale their duty would not be fulfilled until they had caused the proper accounts to be stated and the mortgage claim allowed ; and last but not least, paid over by the trustee. And in this connection it may be stated that prudent attorneys would see that the trustees duties were secured by an adequate bond. By the performance of all these duties the attorneys would fulfill their obligations to their client, and become entitled to their fees. It is no answer to the justice of their claim to say that in this case no difficulties were interposed in the path of their duty. They were required to be prepared to encounter any difficulties which should arise, and to overcome them if they could. And it ought never to be forgotten that very often the tact, skill, diligence and judgment of an attorney will prevent difficulties which might otherwise arise, and will enable him to secure his client's rights with facility and expedition. When he had accomplished what he undertook to do, it would be very unjust to disparage the value of his services, for the reason that he was able to do it readily and promptly

without litigation. The difference is very manifest between the duty required of an attorney and that imposed on the person appointed to make the sale; and it is impossible to suppose that the parties to the mortgage considered that they were the same when they provided for the compensation for them by separate and distinct clauses in the mortgage. If the duties are different it can make no difference whether they were performed by the same or different persons. The duties of the person appointed to make the sale are prescribed by Article 66 of the Code. He is required to give an approved bond, which is an indemnity to all persons interested in the mortgaged property; and further to conduct the sale and report it to the Court having chancery jurisdiction in the premises. The Court deals with the sale as if it had been made under its own decree; and if it should set it aside it may appoint a trustee of its own to make a resale. The attorney performs his duties for the benefit of the mortgagee, and is responsible to him alone; the person appointed to make the sale under the terms of the mortgage is responsible under his bond to all persons interested in the mortgaged property, and he acts under the supervision of the Court, and is subject to removal by its authority. It is needless to dwell longer on this matter. But we may state a case which will illustrate what we have been explaining. Suppose an attorney at law is employed to collect a debt which is secured by a mortgage which does not contain a power of sale, and he obtains a decree for the sale of the mortgaged property, and the Court appoints him trustee to make the sale. Would any one contend that the client was released from his obligation to pay him for collecting the debt, because of the commissions which the Court allowed him out of the proceeds of sale as compensation for entirely different service; namely, the discharge of his duties as an officer of the Court in the capacity of trustee? We learn from the agreed statement of facts that in March, eighteen hundred and ninety-five, the mortgagee directed his attorneys to proceed to collect the

debt by foreclosure proceedings, and that the mortgage was transferred to George R. Gaither, Junior, "simply for the purpose of having a foreclosure made of the same for the purpose of collecting the mortgage debt." If the transfer had vested the property in George R. Gaither, Junior, our opinion in this case would have been different. We would not decide that the holder of a mortgage could employ himself as attorney, or could employ a firm of which he was a member as his attorneys, and charge the expense of such employment on the proceeds of sale.

We have read and carefully considered the opinion of the learned Judge who decided this cause in the Court below. But we are not able to agree to his conclusions. The order sustaining the exception to the auditor's report is reversed, and the auditor's report must be ratified and confirmed.

*Order reversed, and auditor's report ratified and confirmed.*