## AMERICAN NATIONAL BANK OF MARYLAND
### v. MACKEY, ASSIGNEE

[No. 493, September Term, 1966.]

*Decided June 30, 1967.*

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, OPPENHEIMER, BARNES, McWILLIAMS and FINAN, JJ.

*Vincent R. Landau,* with whom were *John H. Somerville* and *Hinkley & Singley* on the brief, for appellant.

H. *Kenneth Mackey* for appellee.

MARBURY, J., delivered the opinion of the Court.

The Peoples Bank of Elkton, mortgagee, through its assignee for collection, H. Kenneth Mackey, appellee, brought suit in the Circuit Court for Queen Anne's County to foreclose first and second mortgages in default under powers of sale contained in the mortgages. The appellant, American National Bank of Maryland, filed a claim in the proceedings for $7,194.36, under a third mortgage, against the proceeds of sale. The auditor's report on the distribution of the foreclosure proceeds stated a $3,889.87 deficiency for the appellant, which excepted to the allowance in the report of certain fees and commissions as costs of sale. The exceptions were partially sustained and partially over-ruled. This appeal was taken from the part of the order which allowed payment of both the collection commissions stipulated in the two notes secured by the foreclosed mortgages and the sale commissions and fees provided by the terms of the mortgages themselves.

The Peoples Bank of Elkton was the holder, under assignment to it without recourse on February 25, 1965, from the original mortgagee, William J. J. Manning, Jr., of a purchase money mortgage dated March 27, 1963, which secured a promissory note of the same date in the sum of $40,000, and a second mortgage which secured a promissory note both dated May 18, 1964, in the sum of $10,000.

The note secured by the $40,000 purchase money mortgage authorized "any attorney of any court of record in Maryland or elsewhere, to appear, either at or after maturity thereof for (me) (us) in any court of record or before any Justice of the Peace, and consent to the docketing of a case wherein (I) (we) shall be defendants, and to confess a judgment against (me) (us) in favor of the plaintiff for the above sum and interest thereon, with costs of suit and without stay of execution and with 10% commissions for collection * * *." The deposit of the mortgage as collateral security was then cited and was followed by a printed provision authorizing the sale of the collateral security at any time on default to liquidate any payment due, including interest and costs thereon.

The purchase money mortgage recited that it was executed to secure payment of the $40,000 note and set forth the terms of the note as to the amount of the principal, interest and time for repayment; no reference was made to costs or collection commissions provided by the note. It further provided a power of sale in the event of default, under which, in addition to a foreclosure sale commission, a fee of $100 was stipulated to be paid from the sale proceeds.

The note secured by the second mortgage promised to pay $10,000 * * * "with all costs and 15 per centum commissions for collecting same, and I, we, or either of us, whether makers, securities, endorsers, or guarantors, do hereby waive protest and notice of protest and do hereby confess judgment to be entered by the proper official, at any time after maturity for the amount due hereunder, with all exemptions waived."

The second mortgage recited that it was executed to secure payment of the $10,000 and set forth the terms of the note as to the amount and time for repayment; no reference was made to costs or collection commissions provided by the note. It further provided a power of sale in the event of default, under which, in addition to a foreclosure sale commission, a minimum counsel fee of $50 was stipulated to be paid from the sale proceeds.

The maturity dates of the mortgages were modified by addendum on February 25, 1965.

On July 28, 1965, The Peoples Bank of Elkton assigned the notes and the mortgages and addendum for collection by foreclosure or otherwise, to H. Kenneth Mackey, the appellee, the indebtedness being in default. The appellee instituted foreclosure proceedings under the power of sale contained in the mortgages. Mackey thereafter filed a petition in the proceedings to share in any surplus proceeds as judgment creditor, by virtue of a judgment entered February 24, 1965, by confession in his favor against the mortgagors under their note to him, in the sum of $9,550, with interest, costs and a fifteen per cent attorney's collection commission of $1,432.50. Appellant filed its petition as creditor for the sum of $7,194.36 under a third mortgage.

The property was sold at public auction by the appellee, as assignee, and the sale was ratified and confirmed by order of

court. From the sale proceeds of $64,502.25 there remained, under the auditor's report, surplus proceeds in the amount of $14,764.49. Appellee's claim was given priority by the auditor over that of the appellant, and full satisfaction thereof in the amount of $11,460 was allowed from the surplus proceeds, including the fifteen per cent attorney's commission of $1,432.50 under the note. The balance of the surplus proceeds, which consisted of $3,304.49, was applied to appellant's claim, leaving it with a deficiency of $3,889.87 as of the date of sale. Appellant's exception No. 1 to the allowance of the $1,432.50 attorney's commission was sustained, the court holding that the owner of or obligee of a confessed judgment note who himself, as an attorney, enters judgment on the note, cannot also claim the attorney's fee for collecting the debt. Appellant's deficiency was thereby reduced to $2,457.37. Among the costs of sale allowed by the auditor to the appellee as assignee for collection of the foreclosed first and second mortgages, were the following fees and commissions: attorney's fees recited in the notes secured by the mortgages, $4,498.27; assignee's commission on the $64,502.25 proceeds of sale, $3,375.10; and attorney's fees stipulated in the mortgages, $150; for a total of $8,023.37.

Appellant's exception No. 2 stated that "by reason of the attorney's fees allowed in the mortgage notes foreclosed in these proceedings, the commissions allowed in said Account to the assignee, who also received said attorney's fees, were excessive." The exception was overruled and this appeal taken.

On appeal appellee argued that the only challenge to the auditor's report by the appellant was to the compensation provided in the mortgages. Since appellant did not challenge below the compensation provided by the notes and since it had abandoned on appeal the question of compensation provided by the mortgages, appellee argued, there was nothing before this Court to decide.

Although the exception is inartfully stated, it can reasonably be read to have excepted to the allowance of collection commissions on the notes. "Mortgage notes" may fairly be read as meaning notes secured by mortgages. In any event, the exception filed by the appellants was exact and definite as to the item of the account excepted to (fees and commissions), and it was

not necessary that all reasons relied on to support the exception should have been stated in the exception itself. *Stokes v. Detrick,* 75 Md. 256, 23 Atl. 846.

The court below overruled the second exception on the basis of the decision in *Gaither v. Tolson,* 84 Md. 637, 36 Atl. 449. That case held that an attorney to whom a debt is referred for collection by foreclosure of a mortgage containing a power of sale and providing for attorney's commissions incurred in the collection of the indebtedness secured by it is entitled to commissions for making the sale and attorney's fees for collecting the debt. This rule was not applicable to the issue of whether collection commissions on the notes were payable to appellees; because in the *Gaither* case, the court did not have before it a claim for the allowance of collection commissions stipulated in a note in addition to the legal fees and commissions paid under the terms of a mortgage. By erroneously applying the law of *Gaither* to this issue, the court was in error in allowing payment of both the collection commissions stipulated in the two notes and the fees and commissions provided by the mortgages.

An attorney's fee specified in a promissory note authorizing a judgment by confession for the amount due with interest and attorney's fees can be collected only upon confession of judgment as specified in the note. *Eaton v. Commercial Nat. Bank,* 66 Colo. 450, 182 Pac. 890 (1919) ; *Schmoldt v. Chicago Stone Setting Co.,* 309 Ill. App. 377, 33 N. E. 182 (1941). See *Webster v. People's Loan Etc. Bank,* 160 Md. 57, 152 Atl. 815. No allowance is made for attorney's commissions unless services contemplated for such allowance and commensurate therewith are actually rendered. *Webster v. People's Loan Etc. Bank, supra.*

In the present case, only one principal indebtedness existed under each mortgage and the note it secured. The notes made reference to the mortgages which secured the notes, and the mortgages identified the notes and recited the terms of the notes with respect to the principal indebtedness, interest, and time for payment. However, neither the notes nor the mortgages provided that action on one was action on the other, thereby entitling an attorney to the fees provided by both. Each instrument provided for its own relief on default. The mortgages provided,

by stipulation of attorney's fees, for legal services with respect to foreclosure and a sale; and the notes, by stipulation of collection commissions, provided for attorney's fees upon a confessed judgment.

However, while the functions and performances of services for which the allowances were made in the instruments were both for the purposes of securing repayment of the indebtedness in default, they were nevertheless distinct. *Tompkins v. Drennan,* 95 Ala. 463, 10 So. 638 (1892).

In *Tompkins,* the defendant sold certain land under a power of sale in a mortgage which had been made to secure two promissory notes payable to the defendant. Plaintiff excepted to the sum retained by defendant as attorney's fee. The mortgage conferred upon the mortgagee a power to sell the property and to pay for the expenses of sale and of attorney's fees. This was the extent of the provision in the mortgage on the subject. In each of the notes it was provided that the undersigned agreed that in case the notes were not paid at maturity, the mortgagor was to pay not less than ten per centum for collection. The Court, in holding that the mortgagee could not retain ten per centum out of the proceeds of sale under the power, said:

> "There is one provision in the mortgage itself for the payment of attorney's fees, and another and different provision on the same subject in the notes which were secured by the mortgage. * * * The two provisions are separate and distinct, without any reference in the one to the other. There is an independent field of operation for each of them. A creditor whose demand is evidenced by the debtor's personal obligation, which is secured by a mortgage upon land, has the choice of foreclosing the mortgage upon the breach of the condition thereof, or of proceeding against the debtor without regard to the mortgage security. If either of the two resources may be exhausted without satisfying the demand, resort may be had to the other. Until the demand is satisfied, the creditor may seek at the same time, but by separate and independent proceedings, both the enforcement of the personal liability

of the debtor, and the foreclosure of the mortgage security. The power of sale in the mortgage affords a means of enforcing the security alone. In making a sale under the power, the creditor avails himself of a special provision for subjecting to the satisfaction of his demand only the property covered by the mortgage. The exercise of the power may involve the expense of attorney's or solicitor's fees. In the present case the payment of such fees out of the proceeds of sale is authorized by the terms of the power itself. This provision covers only such fees as are incident to the exercise of the power, and does not cover expenses incurred for fees for the prosecution of an action at law on the notes, or of a bill in chancery for the foreclosure of the mortgage. * * * There is nothing, either in the mortgage or in the notes, to show that it was the intention of the parties that the provisions in the notes on the subject of attorney's fees should apply in the case of a sale under the power; and as the provision in the mortgage itself fully covers that contingency, and there are other and different contingencies in which the provisions in the notes as to the attorney's fees would be applicable, our conclusion is that those provisions do not cover the case of a sale under the power." 10 So. at 639.

The only legal service performed by appellee was that done in the foreclosure of the mortgages for which fees for such services were provided by the terms of the mortgages. A second fee for the same services was not contemplated under the terms of the notes, since they were not payable unless services were rendered when confessed judgments were entered. The fees provided in the notes were not gratuities to which the attorney was entitled upon the entry of his appearance, and payment of such fees without corresponding services was in error. See *Webster v. People's Loan Etc. Bank, supra*.

We conclude that the chancellor by his order of September 23, 1966, erred in not sustaining appellant's exception No. 2, thereby allowing payment of both the collection commissions

stipulated in the two notes secured by the foreclosed mortgages and the commissions and fees provided by the terms of the mortgages themselves. He should have disallowed the payment of the collection commissions stipulated in the two notes.

*Order reversed and case remanded to the lower court with instructions to require the auditor to re-state the account in accordance with this opinion. Appellee to pay the costs of this appeal.*